1840.

COSTER
v.
CLARKE.

---

## COSTER v. CLARKE.

Where a bank had given credit individually, by discounting an individual note, it was not allowed to prove this debt in a copartnership suit (although the drawer and endorser were two of the partners) even on strong allegation that the note was made for and was applied to partnership purposes. Nor could the drawer have this benefit, especially as he had submitted to a decree and report in the cause whereby the endorser was recognized as having assumed the note individually.

THE particulars in the last case can be referred to for an understanding of the petition which was now presented by the president and directors of the Manhattan Company to be allowed to prove a claim as a partnership debt in the same suit. This petition, after setting forth some of the facts contained in the last case, showed that on or about the twenty-third day of January, one thousand eight hundred and thirty-seven, James B. Clarke, acting, as the petitioners believed and charged for and in behalf of and with the knowledge and assent of the ferry association, consisting of the said Clarke, the complainant Cos-

Dec. 9, 10,
1840.

Partner-
ship.
Individual
debt.

ter and the late Silas Butler, applied to the petitioners for the loan of three thousand dollars upon a note of the said Silas Butler drawn to the order of and endorsed by the said James B. Clarke and payable at three months after date, to which application the petitioners assented and loaned the said sum of three thousand dollars, first deducting discount, and gave to the said Clarke, in his account with the petitioners, credit for the proceeds ; that the said proceeds were drawn for and received by the said Clarke and as the petitioners had been informed and had reason to believe and so charged the truth to be were advanced into the said concern by the said Clarke and applied to its use and especially were applied towards the purchase of a boat or boats to be run on the ferry or otherwise to the use of the said association and that such application was made with the sanction, knowledge or assent of the other associates at the time or had been subsequently satisfied and confirmed by them.   That at the time of the discount of the note, the complainant Coster (a principal in the association) was a member of the board of directors of the Manhattan Company and was present when the said note was discounted and he assented thereto and, as the petitioners believed, well knew the purpose and object for which it was offered for discount and how the proceeds were to be applied and that, as the petitioners had reason to believe, the said Silas Butler, who signed the said note, so signed it for the express purpose of enabling the said Clarke to obtain funds thereon from the petitioners for the use of the said association.   That the petitioners had obtained a judgment against the said James B. Clarke on their aforesaid note ; but he had made an assignment and was insolvent. That they had been ignorant of the commencement and proceedings in the present suit until after a sale of the associated property.   They insisted that their claim was a good and valid claim against the association as a partnership debt and ought, in equity, to be paid out of the proceeds of sale and other funds in the master's hands.

Affidavits were read in opposition, but from the view which the court took of the application it is not necessary to refer to them particularly, except so far as to suggest that the representatives of the Butler estate attempted to be relieved from the effect of Silas Butler's signing the note.

Mr. *J. Slosson* and Mr. *Bidwell*, for the petitioners.

Mr. *J. P. Hall*, for the complainant.

Mr. *Cleveland*, for the executrix and executor of Silas Butler.

THE VICE-CHANCELLOR:—The Manhattan Company must look to their remedy at law upon the note. They have no equity to come into this court for payment out of the joint property, as they had made no loan nor given any credit on account of it. The transaction as to them is the mere transaction of discount of a note ; *Emly* v. *Lye*, 15 East. 6 ; *Bevan* v. *Lewis*, 1 Sim. 376. It is not like the case of *Van Reimsdyk* v. *Kane*, 1 Gall. 630.

And with respect to the equity in the Butler estate to be relieved from payment of the note : the executors lost the opportunity of setting this up, having acquiesced in the master's report and decree, by which Clarke had been permitted to assume this note as a debt which he would pay. It was for him to indemnify Butler ; and if he did not, the remedy of the executors should be had against him.

Petition dismissed ; but each party to bear his and their own costs.